IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNFOLDMENT, INC., et al.,
Plaintiffs,

v.                                                          Civil No. 07-1717 (LFO)

DISTRICT OF COLUMBIA, et al.,
Defendants.
_____

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S RULE 7(M) MOTION FOR ENLARGEMENT OF TIME AND MOTION FOR A CONTINUANCE OF RULE 26(F) SCHEDULING CONFERENCE**

Unfoldment, through undersigned counsel, hereby files this memorandum of points and authorities in support of its motion opposing Defendant District of Columbia's motion for enlargement of time to file a dispositive motion and for a continuance of the Rule 26(f) scheduling conference.

**I.  Defendant's Rule 7 (m) Motion for Enlargement of Time to File a Dispositive Motion and for a Continuance of Rule 26 (f) Scheduling Conference Does Not Comply with the Requirements of Rule 7 (m) and Should be Denied**

The United States District Court for the District of Columbia has defined a dispositive motion as a motion that, if granted, would result either in the determination of a particular claim on the merits or elimination of such a claim from the case. Niedermeier v. Office of Max S. Baucus, 153 F. Supp. 2d 23, 2001 U.S. Dist. LEXIS 10869 (D.D.C. 2001); United States ex rel. Tenn. Valley Marble Holding Co. v. G. 433 F. Supp. 2d 104 (D.D.C. 2006).

It is clear that the District's motion for enlargement of time is a nondispositive motion and therefore is subject to D. D. C. Civil Rule 7 (m).

1

Rule 7(m) imposes the duty to meet and confer on all nondispositive motions (including those for enlargements of time).  Modaressi v. Vedadi, 441 F. Supp. 2d 51 (D.D.C. 2006)

The Local Rule requires that the parties "try  in good faith to achieve its objectives," which means they must take "real steps to confer." United States ex rel. K&R Limited Partnership v. Massachusetts Housing Fin. Agency, 456 F. Supp. 2d 46, 2006 U.S. Dist. LEXIS 73536, 99-cv-1343 (RCL) (D.D.C.. 2006) at 13-14

The Rule requires … at the absolute minimum, that counsel "discuss the anticipated motion" and that they do so "in person or by telephone." Ellipso, Inc. v. Mann, 460 F. Supp. 2d 99 (D.D.C. 2006)

A nondispositive motion that does not comply with Rule 7 will be denied.  United States ex rel. Tenn. Valley Marble Holding Co. v. G..., 433 F. Supp. 2d 104  (D.D.C. 2006).

The purpose of the rule is to facilitate the informal resolution of disputes without court intervention, or at least to reduce or narrow the issues the court will consider. Because the rule seeks to promote actual resolution of nondispositive disputes, its focus is on substance, not form, and thus the obligation to confer may not be satisfied by perfunctory action, but requires a good faith effort to resolve the nondispositive disputes that occur in the course of litigation. United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency, 456 F. Supp. 2d 46, 2006 U.S. Dist. LEXIS 73536 (D.D.C. 2006).

The government did not fulfill its obligation to meet and confer to discuss the anticipated motion by phone or in person.

On October 4, just hours before electronically filing its motion for enlargement of time with the Court, Defendant sent the following peremptory emails to undersigned counsel:

> "Your consent is sought pursuant to LCvR 7(m) for a 60 day enlargement to file a dispositive motion on behalf of the District of Columbia . I will file the motion soon, and if I do not hear from you I will simply indicate that you have not responded."

> "Your consent is also sought for a continuance of the 26(f) conference until after the filing of the dispositive motion."

Rule 7(m) also requires that the moving party's motion include a certificate of good faith that the required discussion occurred, and a statement as to whether the motion is opposed. If a party files a nondispositive motion without certifying its compliance with Rule 7(m), the motion will be denied. Alexander v. FBI, 186 F.R.D. 185, 187 (D.D.C. 1999). Because the District's motions lack the required certificate, they must be denied.

## II. Defendant's Rule 6(b) Request for Enlargement of Time to Review the Contract Appeals Board Record Is Unreasonable, Dilatory and Should be Denied

Defendant also apparently seeks enlargement of time under Rule 6(b). While it is Plaintiff's position that Rule 6(b) nondispositive motions are subject to the requirements of Rule 7(m) Modaressi v. Vedadi, 441 F. Supp. 2d 51 (D.D.C. 2006) , Unfoldment hereby addresses the District's Rule 6(b) motion separately.

As justification for its Rule 6(b) request, the District refers to Unfoldment's nearly nine-year old case that is currently pending before the D. C. Contract Appeals Board [hereafter "Board"].

In January 1999, Unfoldment filed a complaint with the Board contending, among

3

other things, that the D.C. Child and Family Services Agency breached Unfoldment Contract 7KGC09 in bad faith. For two years, Defendant delayed litigation by challenging the Board's jurisdiction to hear the case, based on the Agency's status as an independent receivership, and the Board took no action.

In 2001, the General Receiver Ernestine Jones was arrested for contempt of court after refusing to appear before D. C. Superior Court Judge Kay Christian to answer questions about the welfare of a foster care child in her custody.

Shortly thereafter, the receivership terminated, and the Child and Family Services Agency reverted back to the control of then D. C. Mayor Anthony Williams.

The Board promptly assumed jurisdiction over Unfoldment's complaint, and on October 18, 2001 Unfoldment filed an amended complaint.

Defendant moved to dismiss, and the Board granted the government's motion, dismissing all Unfoldment claims, except one for payment of outstanding invoices, Quick Payment Interest and simple interest. Unfoldment appealed the Board's decision to the D. C. Court of Appeals in 2002

In October 2006, the Court of Appeals reversed the Board's summary dismissal of Unfoldment's bad faith breach of contract, breach of contract, breach of the minimum order requirement and quantum meruit claims.

While preparing for remand, Unfoldment's counsel discovered evidence in the related case of <u>Mintz v. D.C.</u> that CFSA Contracting Officer John Oppedisano and his deputy James Osbourne racially discriminated against African American contractors. That newly-discovered evidence is the basis for Unfoldment's 42 U.S.C. 1981 and related

4

state claims that are before this Court.

As a basis for its Rule 6(b) motion, Defendant now contends that before filing an answer in this litigation, it needs additional time to examine the "588 [sic] administrative record of the Board proceedings".

It is unclear how Contract Appeals Board proceedings that have been pending since January 1999 impact Defendant's ability to timely file an answer in this case.

Presumably, the "588-page administrative record" referred to by Defendant is the Appeal File.

Board rules required the District government to assemble and submit the Appeal File within 30 days receiving notice of Unfoldment's appeal (or by no later than December 1, 1998)  However, Defendant delayed filing the Appeal File until 2002, *nearly four years later*, by which time it claimed to have lost many key documents.

As part of the Appeal File submission, Board rules required the District of Columbia to provide "a copy of the contract, including specifications and pertinent amendments" and to furnish Unfoldment with a copy of all Appeal File documents[1],

---

[1] **203  THE APPEAL FILE**

203.1 Within thirty (30) days of receipt that a notice of appeal has been docketed, the contracting agency shall assemble and transmit to the Board an appeal file consisting of all documents pertinent to the appeal, including:  (a) the decision from which the appeal is taken; (b) the contract, including specifications and pertinent amendments, plans, and drawings; (c) all correspondence between the parties relevant to the appeal, decision was issued; (d) transcripts of any testimony taken during the course of proceedings, and affidavits or statements of any witnesses on the matter in dispute made prior to the filing of the notice of appeal with the Board; and  (e) any additional information considered relevant to the appeal.

5

except the contract documents. For those, the Rules state, a list would suffice.[2]

Unfoldment's contract consisted of a cover sheet, a set of Articles and numerous critical attachments incorporated by reference into the contract.

Defendant included the contract in the list furnished to Unfoldment, however, the District of Columbia omitted from the Appeal File crucial contract documents that were adverse to its interest – most notably, the Request for Proposal.

Unfoldment discovered Defendant's omission in July 2003 as the Board prepared to submit the administrative record to the D. C. Court of Appeals and promptly obtained a Board order directing the District to include the missing contract documents prior to transmission.

This was fortuitous since the Court of Appeals based its reversal in large part on language contained in the Request for Proposal.

It is clear from an examination of the nine-year history of the Contract Appeals Board proceedings, that the District government has delayed Plaintiff's proverbial "day in court." Plaintiff urges the Court not to allow such conduct to spill over into this forum.

Defendant's Rule 6(b) motion for enlargement of time based on a need to review 588 pages of government-generated documents that the Defendant submitted to an administrative agency over four years ago is unreasonable, dilatory and should be rejected by this Court.

---

[2] Board Rule 203.2  Within the same thirty (30) day time period, the contracting agency shall furnish the appellant a copy of each document submitted to the Board, except those in Rule 203.1(b) above. As to the latter, a list furnished appellant indicating contractual documents submitted to the Board will suffice.

6

### III.  Defendant's Rule 6(b) Request for Enlargement of Time to Respond to Interrogatories in Another Proceeding Should be Denied

The District claims that "(o)n or about October 1, 2007, Plaintiff served over 100 interrogatories on the District in the proceeding at the Contract Appeals Board".

This is not true.  Unfoldment initially propounded 82 interrogatories on October 1, 2007. However, the District objected and asked Unfoldment to recast the interrogatories to reduce the number to 40.

Unfoldment complied with Defendant's request, and on October 4, 2007, undersigned counsel sent email notification to Defendant's counsel Thomas Foltz that Unfoldment had withdrawn the 82 interrogatories.  That same day, Plaintiff substituted a set of 34 interrogatories (6 short of the 40 permitted under Superior Court Rule 33).

It bears noting that prior to filing this action, on August 23, 2007, at Defendant's request, Plaintiff hand-carried a courtesy copy of the draft complaint to counsel for Defendant Deputy Attorney General for the District of Columbia George Valentine.

Thirty-four days later, on September 26, 2007, Plaintiff filed the complaint with this Court and served a copy on Defendant on October 1, 2007.

Under the current schedule, by the time Defendant's answer is due on or about October 21, the District will have had 60 days to prepare a responsive pleading or dispositive motion.

Despite this generous amount of lead time, on October 4, 2007, the District of Columbia filed a Rule 7 (m) motion for an *additional* 60 days to respond.

For all of the foregoing reasons, Plaintiff respectfully asks this Court to deny Defendant's motions under rules 7 (m) and 6(b) and order Defendant to file a timely answer as required under the rules of this Court.

Respectfully submitted,

Kemi Morten, D. C. Bar No. 272575
3709 SE 18 Place
Cape Coral, Florida 33904
Phone:  (202) 536-3268 or (239) 810-4701
          /s/
 Brian Lederer, Esq.
 D. C. Bar No. 184184
 3003 Van Ness St., NW, Suite #W228
 Washington, D. C.  20008
 Phone:   (202) 244-1715
 Members of the Bar of the
 United States District Court for the District of Columbia
          /s/
 Fania Davis, Esq.
 445 Bellevue Avenue
 Suite 207
 Oakland, California
 California State Bar 87268
 *pro haec vice*

 Attorneys for Plaintiffs Unfoldment, Inc.
 Bryan W. and Ricardo J.
 October 11, 2007

**RULE 7 (m) CERTIFICATE OF GOOD FAITH EFFORT TO  MEET AND CONFER PRIOR TO FILING NONDISPOSITIVE MOTION**

   I, Kemi Morten, hereby certify that I called counsel for Defendant Assistant Attorney General Thomas Foltz on October 11, 2007, at 3:25 p.m. to discuss the basis for Plaintiff's motion and memorandum of points and authorities in opposition to Defendant's motion for enlargement of time to attempt to achieve an informal resolution of the parties' differences.  I received a recording stating that Mr. Foltz is out of the

office on medical leave until October 17, 2007.

                                         _____/s/_____
                                               Kemi Morten

### **CERTIFICATE OF SERVICE**

I, Kemi Morten, hereby certify that one copy of the foregoing Memorandum of Points and Authorities in Support of Plaintiff's Motion in Opposition to Defendant's Motion for Enlargement of Time to File a Dispositive Motion and Motion for a Continuance of Rule 26(f) Conference, was electronically filed via email this 12th day of October 2007 to the following named counsel for Defendant District of Columbia: Thomas Foltz, Esq., Assistant Attorney General for the District of Columbia, 441 Fourth Street, N.W., Washington, D. C. 20001.

                                         _____/s/_____
                                             Kemi Morten

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNFOLDMENT, INC., et al.,
Plaintiffs,

v.                                                                Civil No. 07-1717 (LFO)

DISTRICT OF COLUMBIA, et al.,
Defendants.
_____

**PROPOSED ORDER**

Upon consideration of the Defendant's Rule 7(m) motion for an enlargement of time to file a dispositive motion and for a continuance of the Rule 26(f) scheduling conference and Plaintiff's response thereto, it is hereby

ORDERED that Defendant's motion for an enlargement of time is denied and Defendant is directed to file a responsive pleading or dispositive motion within 20 days of the date of service of Plaintiff's complaint.

Dated: _____            _____
                                                                  HON. LOUIS F. OBERDORFER,
                                                                  UNITED STATES DISTRICT JUDGE

Kemi Morten, Esq.
3709 SE 18 Place
Cape Coral, Florida 33904

Brian Lederer, Esq.
D. C. Bar No. 184184
3003 Van Ness St., NW, Suite #W228
Washington, D. C.  20008

Fania Davis, Esq.
445 Bellevue Avenue
Suite 207
Oakland, California

Thomas Foltz,  Esq.,
Assistant Attorney General
for the District of Columbia
441 Fourth Street, N.W.,
Washington, D. C.  20001

2