UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNFOLDMENT, INC. et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | Civil Action 07-01717  (HHK) |

MEMORANDUM OPINION

By this action, plaintiffs seek to hold the District of Columbia and others liable on causes of action that apparently arise from and are related to a dispute regarding a contract plaintiff Unfoldment, Inc. had with the District of Columbia Child and Family Services Agency to operate a group home for troubled teenage boys.  The court dismisses the complaint because it does not comply with Rules 8(a)(2) and 8(e)(1) of the Federal Rules of Civil Procedure.

Rule 8 (a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Rule 8(e)(1) requires "[e]ach averment of a pleading [to be] simple, concise, and direct."  The purpose of these rules is to give fair notice of the claim being asserted so that the defendant will have an opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  "Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules."  *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (citations omitted).

Plaintiffs' complaint flagrantly disregards the pleading rules. The caption of the complaint reads as follows:

**COMPLAINT**

(Violations of the Civil Rights laws of the United States and the Common Law of the District of Columbia, to wit: Unlawful Discrimination Based Upon Plaintiff's Race (African-American) and Sex (Female) through the Unlawful Denial of Opportunity to Make and Enforce Contracts; Unlawful Retaliation for the Prior Exercise of Plaintiff's Protected Civil Rights through the Unlawful Denial of Opportunity to Make and Enforce Contracts; Conspiracy to Interfere with the Lawful Opportunity to Make and Enforce Contracts Based Upon Race, Sex and the Prior Exercise of Protected Civil Rights; denial of Constitutional First Amendment and Due Process Rights and Liberty Interests; Violations of Other State Claims brought under the Court's Supplemental Jurisdiction, including: Tortious Interference with Business Relationships, Tortious Interference with the Reasonable Expectation of Prospective Economic Advantage; Intentional and Negligent Infliction of Emotional Distress; Breach of Oral and Quantum Meruit Contracts, Detrimental Reliance and Other Related State Claims)

Compl. 1.

The verbose caption serves to introduce a complaint that is prolix, redundant, bloated with unnecessary detail, and full of vituperative charges. It consists of 368 paragraphs and eleven footnotes spread over 61 pages. One of the footnotes takes up an entire page and purports to set forth the facts in an unrelated case that was resolved by settlement. Among other deficiencies, the complaint is comprised of numerous paragraphs containing information that is entirely irrelevant and gratuitous. For example, in addition to identifying Unfoldment, Inc. by its purpose and mission, the complaint references the organization's thirty-year history, the awards it has received, the opinion of a Committee of Congress regarding its work, and the notable persons "who have volunteered to serve on [its] honorary Board of Directors." *Id*. 2. The complaint also inappropriately discusses how this action allegedly relates to other cases, comments upon

defenses that defendants may or may not raise, and discourses about principles of law and court rulings that plaintiffs believe will come into play in adjudicating this dispute.

This court's characterization of a complaint it dismissed with prejudice is equally apt here:

> The pleading filed by the plaintiff in this case is indeed a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies. The complaint contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments. Nor has plaintiff alleged with even modest particularity the dates and places of the transactions of which he complains. It belabors the obvious to conclude that the complaint filed in this action falls far short of the admittedly liberal standard set in F.R.Civ.P.8(a).

*Brown,* 75 F.R.D. at 499. The court observes that the pleading deficiencies in *Brown* are not as regrettable as are those here because unlike in *Brown*, where the plaintiff proceeded *pro se*, the complaint here was crafted and signed by lawyers who are members of the bar of this court.

For the foregoing reason reasons, plaintiffs' complaint will be dismissed without prejudice. An appropriate order accompanies this memorandum.

Henry H. Kennedy, Jr.
United States District Judge

Dated: October 24, 2007